IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICK MEYER, # M-47701, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-173-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| DR. J. COE, and DR. ADAMS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to his serious medical condition. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

In November 2014, Plaintiff blacked out and collapsed while he was in the shower. Before this incident, Plaintiff had never experienced blackouts. He injured his right elbow and shoulder when he fell. Defendant Dr. Coe examined Plaintiff and told him the elbow/shoulder injury was a strain. At a follow-up visit, Defendant Coe told Plaintiff he had arthritis. Plaintiff asked for an MRI or CT scan to determine the cause of the blackout, but this was refused. No x-rays were taken (Doc. 1, p. 6).

On April 1, 2015, Plaintiff blacked out again while he was in the bathroom area. This time, he fell on his face. The impact knocked out several of his teeth and fractured his jaw in several places. Plaintiff was rushed to the hospital, where he had plates inserted to treat the fractures.

A neurosurgeon ordered a follow-up visit for Plaintiff to be seen in two or three weeks at Carle Hospital, however, Defendant Wexford Health Sources ("Wexford") never sent Plaintiff back to the outside doctor or hospital for this follow-up. Plaintiff claims that Defendant Wexford has a policy regarding "cost considerations" which directs that inmates not be sent to outside facilities for CT scans or MRI tests because of the expense (Doc. 1, p. 6). Due to this policy, inmates are told they have simple ailments such as a strain or arthritis, when in fact the problem may be more severe. Plaintiff asserts that if he had been properly treated for the first blackout and given diagnostic tests at that time, he would not have suffered the injuries from the blackout in April. He seeks monetary damages (Doc. 1, p. 7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants Coe and Adams, for failing to perform any tests to diagnose the cause of Plaintiff's blackout in November 2014;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Defendant Wexford Health Sources, for failing to send Plaintiff to the outside hospital/neurologist for the recommended follow-up after his April 2015 blackout and injury;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Defendant Wexford Health Sources, for maintaining a cost-based policy to deny access to MRI and CT scan tests, which resulted in the denial of Plaintiff's requests for these diagnostic tests.

**Count 1–November 2014 Incident**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's sudden blackout indicated that he may have had a serious condition requiring medical attention. The complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether Plaintiff's prison medical providers acted or failed to act with deliberate indifference to a known risk of serious harm from the loss of consciousness.

According to the complaint, Defendant Coe examined and diagnosed Plaintiff's shoulder and elbow injuries after he fell. From Plaintiff's narrative, it appears that Defendant Coe was the person who denied Plaintiff's request for an MRI or CT scan to investigate the cause of his

blackout. As noted above, Plaintiff cannot dictate his own medical treatment or cherry-pick what type of diagnostic testing he should receive. *Forbes v. Edgar*, 112 F.3d at 267. But the complaint indicates that nothing at all was done to attempt to diagnose the condition that caused Plaintiff to black out and fall. Such a complete lack of attention to diagnosing or treating a potentially serious condition may indicate deliberate indifference to a known risk of harm. For this reason, **Count 1** shall proceed against Defendant Coe for further consideration.

As to Defendant Adams, however, Plaintiff fails to mention this party at all in the statement of claim. The Court cannot speculate as to what role he played, if any, in determining what medical care or testing might be given to Plaintiff. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendant Adams will be dismissed from this action without prejudice.

**Count 2–April 2015 Incident**

Plaintiff does not say whether Defendant Coe or Defendant Adams was involved in making the decision that Plaintiff would not be sent to Carle Hospital for the neurosurgical follow-up appointment that was ordered after Plaintiff received the initial treatment for his jaw fracture. He claims only that Defendant Wexford failed to send him for this visit.

Where a prison doctor is aware of express post-operative instructions regarding an inmate's medical care, but deliberately disregards them, a fact-finder may conclude that the doctor had sufficient knowledge of the risk of harm to sustain a deliberate indifference claim. *See Gil v. Reed*, 381 F.3d 649, 662-64 (7th Cir. 2004) (prison doctor prescribed Tylenol despite surgeon's express warning to avoid that medication); *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999) (prison doctor refused to follow specialists' instructions regarding inmate's treatment). *See also Perez v. Fenoglio*, 792 F.3d 768, 777-79 (7th Cir. 2015) (collecting cases) (prison doctor's refusal to follow treatment recommendations of outside medical specialist may constitute deliberate indifference).

Defendant Wexford is a corporation that employs Defendants Coe and Adams and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

If a prison official had refused to allow Plaintiff to go to his follow-up appointment based on a rule or policy promulgated by Defendant Wexford, that would be sufficient to confer potential liability on Defendant Wexford for deliberate indifference. Here, although Plaintiff did not specify which prison official was involved, he points the finger directly at Defendant Wexford for denying this recommended follow-up care. Therefore, at this stage, the Court will permit further review of Plaintiff's claim against Defendant Wexford in **Count 2**.

**Count 3–Defendant Wexford's MRI/CT Scan Policy**

If Defendant Wexford's alleged cost-containment policy was to blame for the denial of Plaintiff's requests to be given diagnostic testing related to his blackouts, then Count 3 could proceed against Defendant Wexford. Unfortunately, however, Plaintiff's statement of facts does not shed any light on the reason why diagnostic testing was not performed. His claim that Defendant Wexford's policy caused the tests to be denied is speculative at this point, without any factual support. It is possible that the treating doctor determined that the tests Plaintiff requested were not medically indicated, or he denied testing for some other reason unrelated to a Wexford policy. This matter may be more fully explored in connection with Count 1. At this time, however, **Count 3** shall be dismissed without prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

The motion for service of process at government expense (Doc. 4) shall be **GRANTED in part and DENIED in part.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendant.

**Disposition**

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **ADAMS** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **COE** and **WEXFORD HEALTH SOURCES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of

employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 10, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**