IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **PATRICK MEYER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-00173-JPG-DGW |
| | ) | |
| **WEXFORD HEALTH SOURCES,** | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

**WILKERSON, Magistrate Judge:**

Pending before the Court is Plaintiff's Motion to Compel Discovery (Doc. 85) and the

parties' joint oral motion for continuance of the discovery and dispositive motion deadlines. On

April 19, 2018 an in person hearing on the motion to compel was held before the Court. Bridgette

Fu appeared for Plaintiff. Abbey Fritz appeared for Defendant.

Federal Rule of Civil Procedure 26(b) limits discovery to non-privileged matters relevant

to any party's claim or defense and proportional to the needs of the case. The Supreme Court has

cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant"

should be firmly applied, and the district courts should not neglect their power to restrict discovery

where necessary. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks

Morse Engine Div. of Coltec Industries*, 328 F.3d 309, 320 (7th Cir. 2003). However, for discovery

purposes, relevancy is construed broadly to encompass matters that bear on, or reasonably could

lead to other matters that could bear on, any issue in the case. *Bd. of Trustees of the Univ. of Ill. v.

Micron Technology, Inc.*, Case No. 2:11-cv-2288-SLD-JEH, 2016 WL 4132182, *2 (C.D. Ill.,

Aug. 3, 2016); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Based on the information presented during the **HEARING**, the Court makes the following findings and enters the following Order regarding the 30(b)(6) notice:

1.      Paragraphs 1, 2, and 4 are proper topics for a 30(b)(6) deposition but shall be limited to testimony regarding the medical treatment related to or resulting from Plaintiff's blackouts and related falls;

2.      Paragraphs 3, 10 and 14 were withdrawn by Plaintiff;

3.      Paragraph 5 is a proper topic as modified below:

The information that forms the basis for any decision to transfer, or not transfer, Patrick Meyer for medical care and treatment to the Carle Clinic in Champaign, IL at any time during the period April 1, 2015 through January 1, 2016;

4.      Paragraph 6 is a proper topic as modified below:

Whether Wexford employees at Robinson Correctional Center received a copy of Patrick Meyer's discharge paperwork from Carle Clinic after his fall on April 1, 2015, when the neurological follow-up was ordered, and identification of procedures for follow-up care recommended by Carle Clinic;

5.      Paragraphs 7, 8, and 9 are proper topics for a 30(b)(6) deposition;

6.      Paragraph 11 is a proper topic as modified below:

Any information regarding: (a) the corporate structure of Wexford; and (b) Wexford's utilization management process;

7.      The parties agree the topic in paragraph12 is not at issue;

8.      Paragraph 13 is a proper topic, but is limited in time to the period of April 1, 2015 through January 1, 2016;

It is **FURTHER ORDERED** that the parties' oral motion for continuance of the discovery and dispositive motion deadlines is **GRANTED.** The Discovery Scheduled is **AMENDED** as follows: Discovery to be completed by June 4, 2018; Dispositive motions due by June 22, 2018.

**IT IS SO ORDERED.**

**DATED: April 20, 2018**



**DONALD G. WILKERSON**
**United States Magistrate Judge**